UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| REYNALDO FLORES, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-309 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed on July 22, 2015, by a state prisoner incarcerated at the Cotulla Unit, which is located in La Salle County, Texas. (D.E. 1). Petitioner challenges his December 3, 2012 Bexar County conviction and sentence.[1] (D.E. 1).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the Laredo Division of the Southern District of Texas, 28 U.S.C. § 124(b)(3), and he was

---

[1] To the extent Petitioner is challenging his access to the courts while incarcerated at the Garza East Unit, that action is more properly brought pursuant to 42 U.S.C. § 1983. Further, Petitioner currently has a § 1983 action pending in this Court, filed on June 30, 2014, which makes the same allegation of denial of access to the courts and tampering with legal mail while Petitioner was at the Garza East Unit during the same time alleged in the current petition. Case No. 2:14-cv-283. A memorandum and recommendation was entered on June 15, 2015, recommending the action be dismissed. (D.E. 36). Additionally, Petitioner filed a § 1983 action in this Court on March 18, 2015, which was then transferred to the San Antonio Division of the Western District of Texas on March 23, 2015. Case No. 2:15-cv-134, D.E. 5. That action, while filed as a § 1983, makes similar arguments to the § 2254 action currently pending before this Court. After transfer to the Western District of Texas, that action was dismissed on March 31, 2015, as frivolous and Petitioner was immediately sanctioned $35.00. Case No. 5:15-cv-222-xr, D.E. 8. Petitioner also has a § 2254 habeas action currently pending in the Laredo Division of the Southern District of Texas challenging his April 18, 2011 Bexar County conviction and sentence. Case No. 5:14-cv-166.

convicted by a court located in Bexar County in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). A habeas application may be transferred in furtherance of justice to the district court within which the state court was held which convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because petitioner was convicted in Bexar County, it is more convenient and would further the interests of justice for this action to be handled in the San Antonio Division of the Western District of Texas. The records of his conviction and the prosecutor and defense lawyers are all located in the San Antonio Division of the Western District of Texas.

Accordingly, it is ordered that this case be transferred to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this 29th day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE